1

2

3

4 **UNITED STATES DISTRICT COURT**

5 **EASTERN DISTRICT OF WASHINGTON**

6 | Case No. CV-13-34-JPH

7

8 WAYNE ROBERT LOETSCHER,

        Plaintiff,           ORDER GRANTING PLAINTIFF'S
9                            MOTION FOR SUMMARY
                             JUDGMENT
10 vs.

11 CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

12         Defendant.

13

14    **BEFORE THE COURT** are cross-motions for summary judgment. ECF

15 Nos. 17 and 19. Attorney Paul Clark represents plaintiff (Loetscher). Special

Assistant United States Attorney Jeffrey E. Staples represents defendant

16 (Commissioner). The parties consented to proceed before a magistrate judge. ECF

17 No. 6. After reviewing the administrative record and the briefs filed by the parties,

18 the court **grants** plaintiff's motion for summary judgment, **ECF No. 17**, reverses the

19 ALJ's decision and remands for further administrative proceedings pursuant to

20 sentence four. Defendant's motion for summary judgment, ECF No. 19, is denied.

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT ~ 1

**JURISDICTION**

Loetscher protectively applied for disability insurance benefits (DIB) on March 25, 2009, alleging onset as of December 1, 2008 (Tr. 153-59). The claim was denied initially and on reconsideration (Tr. 92-100).

Administrative Law Judge Marie Palachuk held a hearing July 6, 2011. Medical and vocational experts, as well as Mr. Loetscher, testified (Tr. 52-89). On July 27, 2011, the ALJ entered a partially favorable decision finding Loetscher's impairments medially equaled Listing 11.16 from onset through June 14, 2010. The ALJ found that thereafter Loetscher no longer met or equaled a Listing based on medical improvement. He was unable to perform past relevant work, but could perform other work (Tr. 21-36). On November 23, 2012, the Appeals Council denied review. Later, they set aside the denial to consider additional evidence. After considering the new evidence the council decided it did not provide a basis for changing the ALJ's decision, and on November 28, 2013 they denied review (Tr. 1-12). Loetscher filed this appeal pursuant to 42 U.S.C. §§ 405(g) on January 18, 2013. ECF No. 1, 5.

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision and the parties' briefs. They are only briefly summarized here and throughout this order as necessary to explain the Court's decision.

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT ~ 2

Loetscher was 26 years old at onset and 29 at the hearing  (Tr. 79-80). He completed high school and three years of college. He has worked as a chemical processing laborer, kitchen helper, stock clerk, bagger, microcomputer support specialist and home attendant  (Tr. 82-84, 173, 179). In the past he abused nitrous oxide, with some relapses. This caused neuropathy which impaired the ability to walk. It also caused weakness, numbness, pain, fatigue and lack of stamina (Tr. 526).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process

ORDER GRANTING PLAINTIFF'S MOTION

FOR SUMMARY JUDGMENT ~ 3

1   for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step

2   one determines if the person is engaged in substantial gainful activities. If so,

3   benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the

4   decision maker proceeds to step two, which determines whether plaintiff has a

5   medially severe impairment or combination of impairments. 20 C.F.R. §§

6   404.1520(a)(4)(ii), 416.920(a)(4)(ii).

7        If plaintiff does not have a severe impairment or combination of impairments,

8   the disability claim is denied. If the impairment is severe, the evaluation proceeds to

9   the third step, which compares plaintiff's impairment with a number of listed

10  impairments acknowledged by the Commissioner to be so severe as to preclude

11  substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20

12  C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed

13  impairments, plaintiff is conclusively presumed to be disabled. If the impairment is

14  not one conclusively presumed to be disabling, the evaluation proceeds to the fourth

15  step, which determines whether the impairment prevents plaintiff from performing

16  work which was performed in the past. If a plaintiff is able to perform previous work

17  that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv),

18  416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is

19  considered. If plaintiff cannot perform past relevant work, the fifth and final step in

20  the process determines whether plaintiff is able to perform other work in the national

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT ~ 4

economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## PARTIALLY FAVORABLE DECISION

If the claimant is found disabled at any point in the process, the ALJ must also decide if disability continues through the date of the decision. In making this determination, the ALJ must follow an eight-step evaluation process (20 C.F.R. 404.1594). If the ALJ can make a decision at any step, the evaluation does not proceed to the next step.

At step one, the ALJ must determine if the claimant is engaging in substantial gainful activity. If the claimant is performing SGA and any applicable trial work period has been completed, the claimant is no longer disabled. C.F.R.

404.1594(f)(1)).

At step two, the ALJ must determine  whether the claimant has an impairment or combination of impairments which meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525 and 404.1526). If the claimant does, his disability continues (20 C.F.R. 404.1594(f)(2)).

At step three, the ALJ must determine whether medical improvement has occurred (20 C.F.R. 404.1594(f)(3)). Medical improvement is any decrease in medical severity of the impairment(s) as established by improvement in symptoms, signs and/or laboratory findings (20 C.F.R. 404.1594(b)(1)). If medical improvement has occurred, the analysis proceeds to the fourth step. If not, the analysis proceeds to the fifth step.

At step four, the ALJ must determine whether medical improvement is related to the ability to work (20 C.F.R. 404.2594(f)(4)). Medical improvement is related to the ability to work if it results in an increase in the claimant's capacity to perform basic work activities (20 C.F.R. 404.1594(b)(3)). If it does, the analysis proceeds to the sixth step.

At step five, the ALJ must determine if an exception to medical improvement applies (20 C.F.R. 404.1594(f)(5)). There are two groups of exceptions (20 C.F.R. 404.1594(d) and (e)). If one of the first group of exceptions applies, the analysis

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT ~ 6

proceeds to the next step. If one of the second group of exceptions applies, the claimant's disability ends. If none apply, the claimant's disability continues.

At step six,  the ALJ must determine whether all the claimant's current impairments in combination are severe (20 C.F.R. 404.1594(f)(6)). If all current impairments in combination do not significantly limit the claimant's ability to do basic work activities, the claimant is no longer disabled. If they do, the analysis proceeds to the next step.

At step seven, the ALJ must assess the claimant's residual functional capacity based on the current impairments and determine if the claimant can perform past relevant work, given his or her residual functional capacity and considering the claimant's age, education, and past work experience (20 C.F.R. 404.1594(f)(7)). If the claimant has the capacity to perform past relevant work, disability has ended. If not, the analysis proceeds to the last step.

At the last step, the ALJ must determine whether other work exists that the claimant can perform, given the assessed residual functional capacity and considering claimant's age, education, and past work experience (C.F.R. 404. 1594(f)(8)). If the claimant can perform other work, the claimant is no longer disabled. If the claimant cannot perform other work, disability continues. Although the claimant generally continues to have the burden of proving disability at this step, the Social Security Administration is responsible for providing evidence that

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT ~ 7

demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the residual functional capacity, age, education and work experience.

If it is found that the claimant is disabled and there is medical evidence of a substance abuse disorder(s), the ALJ must determine if the disorder is contributing factor material to the determination of disability. In making this determination, the undersigned must evaluate the extent to which the claimant's mental and physical limitations would remain if the claimant stopped the substance abuse. If the remaining limitations would not be disabling, the substance abuse disorder(s) is a contributing factor material to the determination of disability (20 C.F.R. 404.1535). If so, the claimant is deemed not entitled to benefits and therefore not disabled.

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla,

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT ~ 8

1    *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a

2    preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989).

3    Substantial evidence "means such evidence as a reasonable mind might accept as

4    adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401

5    (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner]

6    may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*,

7    348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a

8    whole, not just the evidence supporting the decision of the Commissioner. *Weetman*

9    *v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525,

10   526 (9th Cir. 1980)).

11          It is the role of the trier of fact, not this Court, to resolve conflicts in evidence.

12   *Richardson*, 402 U.S. at 400. If evidence supports more than one rational

13   interpretation, the Court may not substitute its judgment for that of the

14   Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th

15   Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be

16   set aside if the proper legal standards were not applied in weighing the evidence and

17   making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d

18   432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the

19   administrative findings, or if there is conflicting evidence that will support a finding

20

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT ~ 9

of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## ALJ'S FINDINGS

ALJ Palachuk found Loetscher met the insured status requirements of the Act and was insured through June 30, 2014 (Tr. 21, 24). At step one, she found Loetscher worked after onset but at less than SGA levels (Tr. 25). At step two, the ALJ found Loetscher suffers from toxicity syndrome from nitrous oxide inhalation causing polyneuropathy and demyelination, and substance abuse (Tr. 25). At step three, the ALJ found Loetscher's impairments equaled Listing 11. 16 from onset through June 14, 2010, meaning he was disabled (Tr. 26, 28). The ALJ proceeded to determine whether Loetscher was still disabled as of the decision date. Significantly, she determined medical improvement occurred as of June 15, 2010, the improvement  was related to the ability to work and  Loetscher continued to suffer severe impairments although they no longer met or equaled a Listed impairment. The ALJ assessed an RFC for a range of light work and determined Loetscher is unable to perform any of his past relevant work (Tr. 28-29, 34). The ALJ found he can perform other jobs, such as office helper, parking lot attendant and outside delivery driver (Tr. 35). Alternatively, the ALJ found an RFC for a range of sedentary work meant Loetscher could work as a telemarketer, sewing machine operator and production assembler (*Id.*). Accordingly, the ALJ found Loetscher was

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT ~ 10

not disabled as defined by the Act beginning June 15, 2010 (Tr. 36).

The ALJ found substance abuse disorder was not a contributing factor material to disability (Tr. 28).

### ISSUES

Loetscher alleges the ALJ should have found him credible after June 14, 2010 and erred when she weighed the medical evidence. ECF No. 17 at 2. The Commissioner responds that the ALJ's findings are factually supported and free of harmful legal error. She asks the Court to affirm. ECF No. 18 at 2.

### DISCUSSION

*A. Credibility*

Loetscher alleges the ALJ erred when she found him less than credible after June 14, 2010. ECF No. 17 at 22-28. He is correct.

When presented with conflicting medical opinions, the ALJ must determine credibility and resolve the conflict. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (citation omitted). The ALJ's credibility findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT ~ 11

claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

There is no evidence of malingering. Loetscher alleges the ALJ failed to give clear and convincing reasons for her credibility assessment. The Court is required to evaluate whether the determination is supported by substantial evidence, *i.e.*, relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The Commissioner admits the ALJ may have erred when she relied on Loetscher's use of marijuana, apparent ability to climb stairs to his third-floor apartment and his non-use of a cane (Tr. 30), but any error is harmless because substantial evidence supports the remain clear and convincing reasons. ECF No. 19 at 11-12.

The court agrees these three reasons are not clear, convincing and supported by substantial evidence. Loetscher used marijuana during the period the ALJ found him largely credible, before June 15, 2010 (*see e.g.,* Tr. 485), meaning marijuana use by itself should not diminish Loetscher's credibility after he medically improved (Tr. 444). Next, the Court finds no support in the record for the ALJ's finding Loetscher climbed stairs to a third floor apartment. There is simply no testimony or evidence supporting this finding. Third, the fact that Loetscher brought a cane to the hearing but did not use it hardly compels an adverse credibility finding as it is undisputed that neuropathy symptoms vary.

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT ~ 12

In the Court's view the errors are harmful because some of the ALJ's additional reasons are also unsupported by the record. For example, the ALJ relied on Loetscher's statements inconsistent with conduct, and achieving good pain control with medication (Tr. 30-31). These are not borne out by the record as a whole. Loetscher has rather consistently complained of pain with standing. The ability at times to ride a bike is not necessarily inconsistent with his complaint. Pain control with medication has varied, as evidenced by several changes of medication and prescribed dosage.

The ALJ is correct, however, that some objective evidence may be inconsistent with claimed limitations. Loetscher testified he could not focus. He earned a grade point average of 3.5 at WSU  (Tr. 494). The record also shows, however, he  was given attendance accommodations by the university (Tr. 496). The ALJ notes imaging studies did not reveal significant abnormalities (*but see* Tr. 323 "data suggests a severe condition"). Dr. Spence opined Loetscher was deconditioned, and this contributed to back pain. Although lack of supporting medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ can consider when analyzing credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).  Dr. Spence failed to account for the use of prescribed pain medication, which undermines confidence in his opinions.

The ALJ notes Loetscher carried a walking cane to the hearing. He did not use

it either entering or leaving the hearing (Tr. 30). Although an ALJ's personal observations, standing alone, cannot support a determination that a claimant is not credible, they may form part of that determination. *Fair v. Bowen*, 885 F.2d 597, 602 (9th Cir. 1989).  Loetscher inconsistently reported his drug use, a factor generally appropriate for consideration. *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999). Loetscher said he stopped using substances in December 2008, but evidence showed he continued to use in January, February and May 2009, and used marijuana from 2009-11 (Tr. 30, 237, 310, 315-17, 357, 420, 444, 486). The record also shows marijuana was medically prescribed on February 6, 2011—five months before the hearing (Tr. 482), and this record was sent to the ALJ a little over a month before her decision.

The ALJ clearly erred when she assessed the use of pain medication. She notes "there is nowhere in the record where pain medications were a normal course" of Loetscher's treatment. She also states he obtained good pain control with tramadol (Tr. 31). Neither is accurate in context. On May 7, 2009 treating source Linda Wray, M.D., opined a non-narcotic such as gabapentin or amitriptyline could be prescribed for pain and sleep problems (Tr. 310). On June 4, 2009, treating source Suzanne Skinner, M.D., prescribed a trial of gabapentin (Tr. 362). Two weeks later it is noted to be somewhat helpful. It was prescribed through October 2009 (Tr. 363, 371). Loetscher used amitriptyline in February 2010. Side effects from gabapentin

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT ~ 14

1    were noted (Tr. 400), and tramadol was added for pain (Tr. 402). Pain medication

2    was changed to hydrocodone in August 2011, after the ALJ's decision (Tr. 259). The

3    record shows that on the hearing date, Loetscher indicated he took prescribed

4    medications for pain: tramadol and amitriptyline (Tr. 237). Although one record

5    indicates good pain control on tramadol (Tr. 446), other records indicate negative

6    side effects and other drugs were added at different times for pain control. The ALJ

7    erred when she indicated "there were no stated adverse side effects noted by the

8    claimant" with respect to medication. Loetscher testified he gets fatigue "from the

9    medications" (Tr. 31, 78, 237, 400).

10        On this record the evidence of credibility after June 14, 2010 is somewhat

11    ambiguous. It is clear, however, that the record does not support most of the ALJ's

12    cited reasons for finding Loetscher less credible after June 14, 2010. These errors

13    appear harmful, especially when considered in connection with the testimony of the

14    medical expert on whom the ALJ relied (below).

15        *B. Medical expert*

16        Loetscher alleges the ALJ gave too much credit to the opinion of William

17    Spence, M.D., who testified at the hearing. ECF No. 17 at 15-17. The Commissioner

18    concedes Dr. Spence may have made errors and lacked clarity, but this does not

19    require remand. ECF No. 19 at 5-6.

20

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT ~ 15

The Court agrees with Loetscher that Dr. Spence's testimony contained error, and it appears harmful.

Significantly, Dr. Spence testified Loetscher was on no pain medications and he saw no record of it (Tr. 63-64). The record contains *numerous* references to prescribed pain medications (*see e.g.*, Tr. 237, 310, 362-63, 371, 425-26, 428-29, 438-39, 441-42, 444-47, 463, 474, 478, 484-86, 501-02). When counsel advised Dr. Spence that Loetscher takes prescribed tramadol, Dr. Spence indicated he was unfamiliar with the drug but stated, "if the pain were severe enough I'd be looking for things such as opiates that are required for pain, something like that" (Tr. 64). Tramadol is a synthetic opiate, meaning it would be consistent with what Dr. Spence described as "severe enough pain" (Tr. 64). The ALJ relied on Dr. Spence's opinion when she found medical improvement as of June 15, 2010, but at least part of Dr. Spence's opinion does not appear to be based on an accurate review of the record.

Dr. Spence opined Listing 11.16 was met through June 14, 2010 (Tr. 26-28). Loetscher's primary allegation appears to be that the ALJ should not have relied on Dr. Spence's opinion that he had medically improved and was no longer disabled as of June 15, 2010. Because of errors in Dr. Spence's testimony and the credibility analysis, remand is appropriate.

Loetscher alleges the ALJ erred when she relied on Dr. Spence's extensive and extremely qualified credentials. ECF No. 17 at 17. However, at the hearing.

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT ~ 16

counsel agreed to the doctor's qualifications. Dr. Spence is board certified in internal medicine, pulmonary disease and critical care. As the Commissioner accurately observes, counsel specifically stated he had no objection to Dr. Spence as an expert, thereby waiving this issue on appeal. ECF No. 19 at 5; Tr. 54-55; *see Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999).

### C. Treating doctors and Appeals Council evidence

Loetscher alleges the ALJ failed to properly credit, and misread, the opinions of treating doctor Mulloy Hansen, M.D. ECF No. 17 at 18-22. In February 2010, Dr. Hansen opined Loetscher was severely limited (Tr. 396). Because the ALJ found Loetscher was disabled until June 15, 2010, Loetscher is unable to show prejudice. Interestingly, Dr. Hansen also opined treatment was unlikely to improve Loetscher's employability (Tr. 397).

In March 2011, Dr. Hansen offered another opinion. The ALJ summarizes Dr. Hansen's assessed RFC as consistent with sedentary work. Loetscher alleges this is error, as Dr. Hansen found he is more limited. ECF No. 17 at 18; 33, 499-500. According to the Commissioner, the ALJ properly rejected Dr. Hansen's opinion that Loetscher could perform less than a full range of sedentary work. ECF No. 19 at 12-15.

Dr. Hansen opined in 2011 that Loetscher's work function is impaired. He opined Loetscher is able to stand for 30 minutes, sit 20-30 minutes (for a total of two

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT ~ 17

hours) and lift ten pounds occasionally; he has significant lower limb impairment and is unable to climb, crouch, stoop, or bend and has gross motor extremity restrictions (Tr. 499-500). The ALJ rejected this opinion, in part because she found it was based on Loetscher's unreliable self-report, and in part because it was contradicted by the opinion of the medical expert (Tr. 33). For the reasons stated above, both are erroneous.

On January 20, 2010, just five months before the ALJ found Loetscher was no longer disabled, treating Dr. Keane reviewed test results and opined there was "significant bilateral lower extremity polyneuropathy" (Tr. 399). As noted, the Appeals Council accepted and considered evidence related to Loetscher's condition after the hearing, meaning it is part of the record on review. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157 (9th Cir. 2012). A record dated August 3, 2011, shows Dr. Keane changed Loetscher's pain medication from tramadol to hydrocodone because of side effects (Tr. 259). The ALJ should consider the new evidence from treating Drs. Keane and Hansen on remand, and give it whatever weight the ALJ determines is appropriate with respect to whether Loetscher's condition medially improved after June 14, 2010. The ALJ may also wish to consider other additional medical evidence on remand.

*D. Remand*

The Court is unable to tell from this record whether Loetscher medically improved enough by June 15, 2010 to perform other work existing in the national economy, and if so, whether continued drug abuse might disqualify him from receiving benefits. *See Harman v. Apfel*, 211 F.3d 1172, 1180-81 (9th Cir. 2000). Because issues remain to be resolved with respect to Loetscher's condition after June 14, 2010, the Court exercises its discretion and orders remand for further proceedings rather than for an award of benefits.

The Court wishes to make clear it expresses no opinion as to what the ultimate outcome on remand will or should be. The Commissioner is free to give whatever weight to the additional evidence he or she deems appropriate. "[Q]uestions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

## CONCLUSION

After review the Court finds the ALJ's decision is not supported by substantial evidence and free of harmful legal error.

**IT IS ORDERED:**

1. Plaintiff's motion for summary judgment, **ECF No. 17, is granted**. The ALJ's decision is **reversed and the case remanded pursuant to sentence four** for further proceedings.

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT ~ 19

2.  The Defendant's motion for summary judgment, **ECF No. 19**, is **denied.**

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of plaintiff and **CLOSE** the file.

DATED this 14th day of March, 2014.

*S/ James P. Hutton*

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT ~ 20